UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
RAYMOND ZDUNSKI,

                    Docket No. 19-cv-940

        Plaintiff,

    - against -                    **COMPLAINT**

ERIE 2-CHAUTAUQUA-CATTARAUGUS BOCES,    Jury Trial Demanded
DAVID O'ROURKE, in his official capacity,
JOHN O'CONNOR, in his official capacity,
BRIAN LIEBENOW, LAURIE BURGER, and
TRACY SMITH-DENGLER,

        Defendants.
----------------------------------------------------------------X

      Plaintiff, RAYMOND ZDUNSKI, by and through his attorney, KRISTINA S. HEUSER, P.C., hereby complains of the defendants as follows:

                I.        PRELIMINARY STATEMENT

1. Plaintiff was employed by defendant ERIE 2-CAUTAUQUA-CATTARAUGUS BOCES as a Senior Account Clerk until his employment was terminated effective May 30, 2018 for declining to attend a training aimed at changing his religious beliefs about gender and sexuality. Attendance at the training would have caused him to violate the religious teachings to which he adheres. Plaintiff believed he could not simultaneously live out his Christian faith and attend the mandatory training. Defendants', without just cause, denied plaintiff's request for a religious accommodation. When plaintiff made the choice to not defy God and his conscience, defendants summarily terminated his employment. Plaintiff brings this lawsuit because he believes no employee in this country should be forced to choose between their faith and their employment, which is precisely the position he was put in.

## II. JURISDICTION AND VENUE

2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and over the pendent state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in the Western District of New York pursuant to 28 U.S.C. §1391(b)(1) and (2) based upon plaintiff's residence, defendants' place of business and the location where the events giving rise to the claim occurred, respectively.

4. Plaintiff has exhausted his administrative remedies. The Right-to-Sue letter issued by the Equal Employment Opportunity Commission is annexed hereto.

## III. PARTIES

5. The plaintiff, RAYMOND ZDUNSKI (hereinafter referred to as "plaintiff"), is a resident of the County of Chautauqua, State of New York. He was employed by defendant ERIE 2-CAUTAUQUA-CATTARAUGUS BOCES for approximately 7 years before being summarily terminated in an act of religious discrimination. Plaintiff is a devout Christian.

6. Defendant ERIE 2-CAUTAUQUA-CATTARAUGUS BOCES (hereinafter referred to as "BOCES"), or Board of Cooperative Educational Services, is a public education collaborative in New York State that functions as an extension of local school districts. BOCES is and entity of the State of New York and is entirely publicly funded.

7. Defendant DAVID O'ROURKE (hereinafter referred to as "defendant O'Rourke") is the District Superintendent and Chief Executive Officer of BOCES. Upon information and belief, he resides within the jurisdictional reach of the United States

District Court for the Western District of New York. Defendant O'Rourke is sued herein in his official capacity only.

8. Defendant JOHN O'CONNOR (hereinafter referred to as "defendant O'Connor") is the Assistant Superintendent for Management Services for BOCES. As such, he oversees Human Resources – inclusive of all hiring and firing decisions – for BOCES. Upon information and belief, defendant O'Connor resides within the jurisdictional reach of the United States District Court for the Western District of New York. He is sued herein in his official capacity only.

9. Defendant BRIAN LIEBENOW (hereinafter referred to as "defendant Liebenow") is an employee of BOCES, holding the title of Labor Relations Assistant. Defendant Liebenow is the individual who terminated plaintiff on behalf of BOCES. Upon information and belief, defendant Liebenow resides within the jurisdictional reach of the United States District Court for the Western District of New York.

10. Defendant LAURIE BURGER (hereinafter referred to as "defendant Burger") is the Director of Human Resources for BOCES. Among other offenses, defendant Burger testified on behalf of BOCES before the New York State Unemployment Insurance Appeals Board in opposition to plaintiff's application for unemployment benefits. Upon information and belief, defendant Burger resides within the jurisdictional reach of the United States District Court for the Western District of New York.

11. Defendant TRACY SMITH-DENGLER (hereinafter referred to as "defendant Smith-Dengler") is the Central Business Office Manager for BOCES. She was plaintiff's immediate supervisor. Upon information and belief, the source of which is defendant Smith-Dengler's disclosure to plaintiff, said defendant is an atheist. Upon information

and belief, defendant Smith-Dengler resides within the jurisdictional reach of the United States District Court for the Western District of New York.

IV. FACTUAL ALLEGATIONS

1. Plaintiff was hired by BOCES on July 5, 2011 into the title of Account Clerk.
2. He worked at the BOCES Central Business Office located in its LoGiudice Center in Fredonia, New York.
3. Plaintiff's duties included processing payroll for three different school districts, retirement reporting, quarterly tax preparation, and W-2 preparation.
4. Plaintiff had an unblemished record of employment. He had never been written up or in any way disciplined by any of the defendants.
5. Approximately one week before defendant's employment with BOCES was terminated, he was promoted to the title of Senior Account Clerk
6. Plaintiff earned an annual salary of $32,000. In addition to this, plaintiff received the following benefits as part of his compensation package: medical and vision insurance, 10 days paid vacation, 18 sick days per year, 13 paid holidays, enrollment in the New York State Retirement System.
7. In February 2018, plaintiff was directed by his employer to attend a mandatory training later that month. The training was to be put on by the local "Pride Center" and was titled "LGBTQ Cultural Competency".
8. Only employees at the LoGiudice Center (i.e, not all BOCES employees) were required to attend.
9. Plaintiff did not want to attend the training on the basis that he is a devout Christian and, as such, his beliefs regarding homosexuality are dictated to him by holy

scripture. Plaintiff did not want to be forced to listen to indoctrination that is in contradiction to the tenets of his faith.

10. Plaintiff advised defendant Smith-Dengler via e-mail that he was declining to attend the training. Plaintiff also requested in that e-mail that a similar training be offered to teach employees greater cultural sensitivity towards persons of faith to hopefully curtail the offensive religious slurs that plaintiff regularly heard in the office. That request was not acknowledged.

11. Plaintiff did not attend the February training and received no formal discipline or reprimand at that time.

12. Then, in May 2018, plaintiff received an e-mail from defendant Burger advising that all employees who were not in attendance at the February LGBTQ training must attend a make-up session on May 22, 2018.

13. Plaintiff responded to that e-mail inquiring as to the specific objectives of the training. Defendant Burger responded that the topics to be covered at the training included: "Recognizing the difference between sex & gender, understanding aspects of identity, understanding how beliefs/feelings/values perpetuate oppression" etc.

14. Plaintiff has deeply held religious beliefs on the enumerated topics, which are dictated to him by God and His Holy Word. Thus, plaintiff responded to the invitation by expressing his belief in the Bible and explaining that the teaching at the training would contradict God's Word and his religious beliefs.

15. Plaintiff further expressed in that same e-mail that he loves all people and does not treat any co-worker or any other person differently from anybody else based upon their sexual orientation.

16. Plaintiff also again requested that BOCES provide a similar training to counter discrimination against Christians.

17. Defendant Burger responded that plaintiff must attend the May training or face disciplinary action including possible termination.

18. Defendants again denied plaintiff's request for a religious accommodation exempting him from the LGBTQ training.

19. Defendants also ignored plaintiff's request to provide alternative or supplemental training that teaches employees about cultural sensitivities towards Christians and other persons of faith.

20. On May 18, 2018, plaintiff was directed by defendant Smith-Dengler to attend a meeting to discuss all of the foregoing as well as an Facebook post plaintiff made regarding the situation he was being faced with at work (which was clearly a pretext put forth by defendants as they prepared to terminate plaintiff's employment, as evidenced by the fact that this was not raised at the unemployment hearing as a basis for plaintiff's termination).

21. The aforedescribed meeting occurred on May 21, 2018.

22. At the meeting, defendant was issued a "counseling memo" by defendant Smith-Dengler for alleged insubordination. Plaintiff was directed by that memo to attend the training the following day or else face discipline up to and including termination.

23. Plaintiff did not attend the training on May 22, 2018 due entirely to his commitment to his faith.

24. On May 30, 2018, defendant Liebenow took plaintiff into a room and asked him why he did not attend the training. Plaintiff explained that he is a Christian and that

attending the training would have violated his religious beliefs. Defendant Liebenow immediately handed plaintiff a letter terminating his employment effective immediately.

25. Thereafter, plaintiff applied for unemployment benefits. BOCES opposed plaintiff's application, alleging that plaintiff was fired for misconduct. Defendant Burger was the sole witness to give testimony in opposition to plaintiff's application before the Unemployment Insurance Appeals Board.

V.    LEGAL ALLEGATIONS

**AS AND FOR A FIRST CAUSE OF ACTION**
CIVIL RIGHTS ACT OF 1871, as amended, 42 U.S.C. §1983
DEPRIVATION OF 14TH AMENDMENT RIGHT TO DUE PROCESS

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27. Plaintiff was an employee of BOCES.

28. BOCES is a government agency and/or is entirely taxpayer funded.

29. Plaintiff had a property right/interest in his job with BOCES.

30. Plaintiff was deprived of his employment without being afforded any due process by her employer, BOCES.

31. All defendants acted in concert under color of state law to deprive plaintiff of his right to due process.

**AS AND FOR A SECOND CAUSE OF ACTION**
CIVIL RIGHTS ACT OF 1871, as amended, 42 U.S.C. §1983
DEPRIVATION OF 14TH AMENDMENT RIGHT TO EQUAL PROTECTION OF LAW

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 above as though fully set forth herein.

33. Plaintiff was terminated from his employment because of his religious beliefs, whereas other employees who have no objection to homosexuality or the other content being presented at the training did not have their jobs placed in jeopardy.

34. BOCES offered a cultural sensitivity training only regarding a select group of persons (i.e., homosexuals and those with non-traditional gender identities) but refused to offer a training regarding cultural sensitivity in the workplace, despite plaintiff brining offensive conduct occurring in the workplace to defendants' attention.

35. Defendant Smith-Dengler is an avowed atheist and discriminated against plaintiff in the context of his employment solely because she knew him to be a person of faith.

36. The other defendants worked in concert with defendant Smith-Dengler to aid her in carrying out her discriminatory intent vis-à-vis plaintiff's continued employment with BOCES.

**AS AND FOR A THIRD CAUSE OF ACTION**
CIVIL RIGHTS ACT OF 1871, as amended, 42 U.S.C. §1985
CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 above as though fully set forth herein.

38. Defendants, and each of them, acting under color of state law, acted in concert to deprive plaintiff of his civil rights in the manner alleged herein.

**AS AND FOR A FOURTH CAUSE OF ACTION**
CIVIL RIGHTS ACT OF 1871, as amended, 42 U.S.C. §1986
NEGLECT IN PREVENTING INTERFERENCE WITH CIVIL RIGHTS

39. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 38 above as though fully set forth herein.

40. Defendants, and each of them, acting under color of state law, knew or should have known of the intent and/or overt act(s) of one or more of the other defendant(s) aimed at depriving plaintiff of his civil rights and filed to intervene, report, or take any measures whatsoever to prevent said deprivation of rights.

### AS AND FOR A FIFTH CAUSE OF ACTION
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C. §§2000e-2
EMPLOYMENT DISCRIMINATION ON THE BASIS OF RELIGION
(FAILURE TO ACCOMMODATE)

41. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 40 above as though fully set forth herein.

42. Plaintiff is a Christian.

43. Plaintiff sought a religious accommodation exempting him from attending a training that he believed would cause him to violate his deeply held religious convictions.

44. Defendants denied plaintiff his requested religious accommodation.

45. It was within defendants' ability to grant plaintiff the requested accommodation and would not have caused undue hardship to BOCES nor any other defendant to do so.

### AS AND FOR A FIFTH CAUSE OF ACTION
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, as amended, 42 U.S.C.§§2000e-2
FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF RELIGION
(DISPARATE TREATMENT AND DISPARATE IMPACT)

46. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

47. BOCES and, upon information and belief, one or more of the individually named defendants, made the decision to mandate some BOCES employees to attend a training regarding sexual orientation, gender, gender identity, homosexual culture and stereotypes, and other such topics as detailed above.

48. Defendants did not permit employees, such as plaintiff, with conflicting viewpoints based upon their religious affiliation and beliefs to be excused from the training.

49. Upon information and belief, this mandatory training was not precipitated by any workplace event nor was it reasonably related to the job duties required of plaintiff.

50. Solely because plaintiff adhered to the dictates of his faith by not attending the training, plaintiff was terminated from his employment.

51. Moreover, defendants opposed and defeated plaintiff's application for unemployment benefits.

52. These actions by defendants against plaintiff were motivated by nothing other than animus towards plaintiff because of his religion.

**AS AND FOR A FOURTH CAUSE OF ACTION**
NEW YORK STATE HUMAN RIGHTS LAW, N.Y. EXEC. LAW §§290, ET SEQ., DISCRIMINATION IN EMPLOYMENT ON THE BASIS OF RELIGION

53. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

WHEREFORE, plaintiff respectfully requests that this court restore plaintiff to his prior Employment with BOCES, an award of backpay including restoration of his lost paid leave time or a payout for same, an order enjoining BOCES from mandating plaintiff's attendance at any future trainings or other work activities that conflict with his religious beliefs, an order directing BOCES to amend plaintiff's personnel record to eliminate any negative mark related to the events described herein, and an award of compensatory and punitive damages to plaintiff in the combined sum of Ten Million Dollars ($10,000,000.00), together with attorney's fees and costs and such other and further relief as this Court may deem just and proper.

Dated: Locust Valley, New York
      July 17, 2019

                              Respectfully Submitted,

                              KRISTINA S. HEUSER, P.C.

                By:          /S/
                              Kristina S. Heuser, Esq. (KH3612)
                              Post Office Box 672
                              Locust Valley, New York 11560
                              Tel. (516) 676-1565
                              Fax (516) 676-6382
                              E-mail kheuser@heuserlawfirm.com