UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND ZDUNSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:19-cv-940 |
| | ) |
| ERIE 2-CHAUTAUQUA-CATTARAUGUS BOCES, DAVID O'ROURKE, in his official capacity, JOHN O'CONNOR, in his official capacity, BRIAN LIEBENOW, LAURIE BURGER, and TRACY SMITH-DENGLER, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANT'S MOTION TO STRIKE THE
COMPLAINT AND MOTION TO COMPEL
(Doc. 11)**

In July 2019, Plaintiff Raymond Zdunski sued Defendants Erie 2-Chautauqua-Cattaraugus BOCES ("BOCES"), BOCES superintendent and CEO David O'Rourke; assistant superintendent John O'Connor; and BOCES employees Brian Liebenow, Laurie Burger, and Tracy Smith-Dengler, bringing claims under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and New York Exec. Law § 290 et seq. (Doc. 1.) The Complaint alleges that Plaintiff was terminated from his employment as a Senior Account Clerk at the BOCES Central Business Office after he refused to attend a training on "LGBTQ Cultural Competency" because of his religious beliefs.

On October 26, 2020, the court approved the parties' stipulated scheduling order, which required Plaintiff to "initiate discovery, through interrogatories and document requests, no later than November 20, 2020." (Doc. 10 ¶ 7.) The order set a deadline for fact discovery of April 13, 2021, with all motions to compel fact discovery due by March 19, 2021. (*Id.* ¶ 5.) Plaintiff has

not initiated discovery. (Doc. 11-1 ¶ 7.) On December 15, 2020, after nearly a month had elapsed after the stipulated deadline for Plaintiff to initiate discovery, Defendants served interrogatories, document requests, and a notice of deposition on Plaintiff. (*Id.* ¶ 8.) Plaintiff has not responded to Defendants' discovery requests, and has not provided Defendants with his own requests for discovery despite the efforts of Defendants' counsel to move the process along. (*Id.* ¶¶ 9–15.)

In response to Plaintiff's failure to engage in discovery, Defendants filed a motion to strike the Complaint on March 5, 2021. (Doc. 11.) Defendants request the following relief:

> (i) striking Plaintiff's complaint for willful failure to respond to Defendants' discovery; or
>
> (ii) precluding Plaintiff from offering any evidence requested in Defendants' First Set of Interrogatories and First Set of Document Requests; or
>
> (iii) compelling Plaintiff to respond to Defendants' discovery requests.

(Doc. 11-1 at 4–5.) Defendants also ask the court to award the costs of their motion. (*Id.* at 5.)

Plaintiff did not respond to Defendants' motion within the 14-day deadline to file and serve responsive papers set by Local Rule 7(b)(2)(B). However, twenty-five days later, Plaintiff's counsel filed a responsive declaration with the court. (Doc. 12.) An exhibit attached to this declaration also indicates that Plaintiff's counsel contacted Defendants' counsel by email on March 8, 2021. (Doc. 12 ¶ 6; Doc. 12-1 at 1.) The declaration explains that Plaintiff's counsel has been out of the state for the past year and that she did not receive any of Defendants' discovery requests, despite arranging mail forwarding and checking voicemails remotely. (Doc. 12 ¶ 7.) Plaintiff's counsel is also in the midst of joining a new law firm (as of March 1, 2021) and has been "extremely busy" with other litigation. (*See* Doc. 12 ¶¶ 7–9.) Plaintiff's counsel acknowledges that Plaintiff is "woefully behind in meeting the agreed upon discovery deadlines" but describes Defendants' requested relief as extreme and unwarranted. (Doc. 12 ¶ 4.)

Prior to filing her declaration, Plaintiff's counsel asked Defendants' counsel by email to withdraw their motion and agree on a revised discovery schedule. (Doc. 12-1 at 1.) Because of the March 19th deadline for motions to compel discovery, Defendants declined to withdraw their motion. (*Id.* at 3.) Plaintiff's counsel now requests that the court deny the motion to strike and order counsel to develop a revised discovery schedule. (Doc. 12 ¶ 14.)

## Analysis

When a party fails to obey an order to provide or permit discovery, the court may issue "further just orders." Fed. R. Civ. P. 37(b)(2)(A). These orders may include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

(*Id.*) When determining whether a Rule 37 sanction is appropriate, the court considers "various factors, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance[;] and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Funk v. Belneftekhim*, 861 F.3d 354, 366 (2d Cir. 2017).

Considering these factors, the court concludes that the record supports a conclusion that Plaintiff's noncompliance was lengthy and willful. Over four months have elapsed since the

parties' stipulated deadline for Plaintiff to initiate discovery, and the discovery deadline of April 13, 2021 is fast approaching. Between December 15, 2020 and February 10, 2021, Defendants' counsel sent numerous correspondence to Plaintiff's counsel requesting discovery. (*See* Docs. 11-5 to 11-11.) Although Plaintiff's counsel asserts that she "timely served Rule 26 disclosure on defendants" (Doc. 12 ¶ 5), she did not include a record of those disclosures with her declaration. Furthermore, Plaintiff's counsel's excuse for Plaintiff's noncompliance is essentially that she was "too busy," which courts generally hold to not excuse noncompliance with the court's discovery orders. *Mobius v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 1:19-CV-00499, 2020 WL 3448073, at *3 (W.D.N.Y. June 24, 2020) ("[A]lthough Plaintiffs' counsel may have been busy, this does not permit them to delay discovery and squander party and court resources in a case they have initiated."); *accord Poulin v. E.I. Dupont DeNemours & Co.*, 883 F. Supp. 894, 895 (W.D.N.Y. 1994).

Nevertheless, the court will not grant Defendants' motion to strike the complaint at this time. Because the court has not yet warned Plaintiff of the consequences of noncompliance with the court's orders, striking the Complaint now would be an unduly harsh sanction. *See Georgiadis v. First Bos. Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (nearly four-month delay in responding to interrogatories, despite warnings from court, warranted dismissal under Rules 37 and Rule 41(b)). Nor, however, will the court grant—over Defendants' objection—Plaintiff's counsel's request to order the parties to collaborate on a revised discovery schedule. Defendants have endeavored to comply with the court's scheduling order and should not be prejudiced by Plaintiff's noncompliance. Instead, the court hereby orders Plaintiff to respond to Defendants' discovery requests within 30 days and warns Plaintiff that continued failure to comply with the

court's orders may result in Rule 37 sanctions, including dismissal of the Complaint with prejudice. The court also grants Defendants' request for the costs associated with this motion.

## Conclusion

Defendants' motion to strike the complaint (Doc. 11) is DENIED without prejudice to renewal if Plaintiff continues to not respond to Defendants' discovery requests. The motion to compel (Doc. 11) is GRANTED. Plaintiff is ordered to respond to Defendants' discovery requests within 30 days.

Defendants' request for the costs of this motion is GRANTED. Defendants shall submit a fee statement within 15 days. Plaintiff has 15 days to respond.

Dated this 1st day of April, 2021.

Geoffrey W. Crawford, Judge
United States District Court