UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| RAYMOND ZDUNSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-940 |
| | ) | |
| ERIE 2-CHAUTAUQUA- | ) | |
| CATTARAUGUS BOCES, DAVID | ) | |
| O'ROURKE, in his official capacity, JOHN | ) | |
| O'CONNOR, in his official capacity, | ) | |
| BRIAN LIEBENOW, LAURIE BURGER, | ) | |
| and TRACY SMITH-DENGLER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY
DEMANDS AND TO EXTEND ALL DISCOVERY DEADLINES
(Doc. 21)**

Plaintiff Raymond Zdunski sued Defendants Erie 2-Chautauqua-Cattaraugus BOCES

("BOCES"), David O'Rourke, John O'Connor, Brian Liebenow, Laurie Burger, and Tracy

Smith-Dengler in July 2019. (Doc. 1.) This court approved the parties' stipulated scheduling

order in October 2020. (Doc. 10.) Paragraph 5 of the order stipulated that "[a]ll fact discovery in

this case shall conclude on April 13, 2021. All motions to compel fact discovery shall be filed on

or before March 19, 2021." (*Id.* ¶ 5.) Just below, paragraph 6 stated: "Plaintiff shall initiate

discovery, through interrogatories and document requests, not later than November 20, 2021."

(*Id.* ¶ 6.) The order provided for expert disclosures and depositions to conclude by July 9, 2021,

with dispositive motions to be filed no later than August 9, 2021. (*Id.* ¶¶ 7–10.) The order also

advised that "[n]o extension of the above cutoff dates will be granted except upon written

application, filed prior to the cutoff date, showing good cause for the extension." (*Id.* at 3.)

The parties exchanged Rule 26 disclosures soon after the court approved their scheduling order. However, Plaintiff did not engage in discovery for several months. Defendants filed a motion to strike the Complaint or to compel discovery responses on March 5, 2021—two weeks before the deadline to file such motions. (Doc. 11.) Plaintiff's counsel filed a declaration in opposition on March 30, 2021. (Doc. 12.) On April 2, 2021, the court granted Defendants' motion to compel, but denied the motion to strike. (Doc. 13.)

After the court granted Defendants' motion to compel, Plaintiff's counsel provided some of Plaintiff's discovery responses to Defendants.[1] On April 22, 2021, Plaintiff also served discovery requests on Defendants. (Doc. 21-1 ¶ 10.) This occurred two weeks after the deadline for fact discovery to conclude, and more than a month after the deadline for filing motions to compel.

A technical difficulty prevented Defendants from receiving Plaintiff's discovery responses, and Defendants again sought to compel Plaintiff to respond. (Doc. 16.) Defendants also declined to respond to Plaintiff's discovery requests because they were sent out of time. (*Id.*)

Plaintiff opposed Defendants' second motion to compel, and filed a cross-motion seeking to amend the parties' stipulated scheduling order to permit Plaintiff to serve discovery on Defendants despite the expiration of the deadline to do so. (Doc. 18.) The date of this cross-motion was May 26, 2021 (*id.*), or two months after the deadline for filing such motions.

In an order dated June 10, 2021, the court directed Plaintiff—to the extent that his initial discovery responses were incomplete—to respond in full to Defendants' discovery requests, but otherwise denied the parties' motions. (*See* Doc. 20.) The court advised Plaintiff that it would

---

[1] Defendants contend that Plaintiff's responses to their discovery requests are still incomplete. (Doc. 22 ¶ 6; *see also* Doc. 22-3 (requesting clarification and additional information regarding some of Plaintiff's discovery responses).)

only consider a motion to amend the discovery schedule after Plaintiff fully complied with the court's April 2021 order. (*Id.*)

On June 25, 2021, Plaintiff filed a motion to amend the discovery schedule and to compel Defendants to respond to Plaintiff's discovery requests. (Doc. 21.) Defendants filed a response to this motion. (Doc. 22.) Plaintiff has not filed a reply.

## I.    Standard for Amending a Scheduling Order

Fed. R. Civ. P. 16(b) provides that a scheduling order "may be modified only for good cause and with the judge's consent." "A finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000). The district court may also consider other factors, such as prejudice to the nonmoving party, in determining whether "good cause" exists. *See Gullo v. City of New York*, 540 F. App'x 45, 47 (2d Cir. 2013); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "To satisfy the good cause standard 'the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.'" *Saray Dokum ve Madeni Aksam Sanayi Turizm A.S. v. M.T.S. Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020) (quoting *Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010)).

In assessing whether good cause exists to extend a discovery schedule, district courts in the Second Circuit have considered the following six factors:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*M.T.S. Logistics*, 335 F.R.D. at 52 (quoting *Jacobs v. N.Y.C. Dep't of Educ.*, 2015 WL 7568642, at *3–4 (E.D.N.Y. Nov. 24, 2015)). In addition, the Second Circuit has held that "apparent

negligence" by a party's "attorney was not sufficient to establish 'good cause' for amending the scheduling order under Fed. R. Civ. P. 16(b). *Scott v. N.Y.C. Dep't of Corr.*, 445 F. App'x 389, 391 (2d Cir. 2011). Because "all litigants are bound by the concessions of freely retained counsel," an attorney's failure to pursue certain avenues of discovery does not entitle a litigant to additional discovery in the absence of other factors that weigh towards allowing additional discovery. *Jackson v. Fed. Express*, 766 F.3d 189, 198–99 (2d Cir. 2014).

## II.   Whether Plaintiff Demonstrates Good Cause to Amend

The court considers each of the factors identified in *M.T.S. Logistics*, 335 F.R.D. at 52, to determine whether Plaintiff has demonstrated good cause to amend the discovery schedule.

### A.   Foreseeability of the Need for Additional Discovery

In a declaration filed with Plaintiff's motion to amend the discovery schedule, Plaintiff's attorney first contends that, as written, the discovery schedule provided a deadline of November 20, 2021 for Plaintiff to initiate discovery. (Doc. 21-1 ¶ 11.) While this is technically accurate, the schedule also clearly stated that "[a]ll fact discovery . . . shall conclude on April 13, 2021" and all expert disclosure and depositions would conclude by July 9, 2021. (Doc. 10 ¶¶ 5, 7–10.) In light of these stipulated deadlines for the *completion* of discovery, it is clear that the scheduling order's reference to "November 20, 2021" was a typographical error and was intended to refer to November 20, **2020**. Although Plaintiff's counsel describes this interpretation as "ascrib[ing] a different meaning to the document" (Doc. 21- ¶ 12), the court is simply interpreting the whole document as a cohesive manifestation of the parties' intent. To read the text literally would bind Plaintiff to the absurdity of completing discovery before initiating discovery.

To the extent that there currently exists need for additional discovery, such need was not foreseeable when the court approved the parties' stipulated discovery schedule last fall. The schedule provided for six months of fact discovery. In October 2020, it was not foreseeable that Plaintiff would fail to participate in discovery until after the deadline for completing fact discovery expired. Moreover, as discussed *infra*, any need for additional discovery has arisen because of Plaintiff's and his counsel's actions, rather than the unforeseen actions of any third party. For these reasons, the foreseeability factor counsels against extending the discovery deadline to accommodate Plaintiff's requested discovery.

**B.     Plaintiff's Diligence**

The court approved the parties' stipulated scheduling order in October 2020 in the midst of the rapidly worsening coronavirus pandemic. Although Plaintiff's counsel provides a believable explanation for her failure to notice the November 20 deadline to initiate discovery,[2] she does not allege that pandemic-related disruptions prevented her from effectively advocating for Plaintiff. Instead, she attributes Plaintiff's failure to participate in discovery to her busyness litigating *other* plaintiffs' claims challenging pandemic-related restrictions. Specifically, her declaration states:

> 6. . . . I had relocated out of state and was operating my New York-based practice remotely during this time. The outgoing message on my answering machine at my New York office states that the best way to reach me is by email. Defense counsel and I had regularly corresponded via email without incident.
>
> 7. As of March 1, 2021, I began working full-time for the law firm that is now the attorney of record for plaintiff in this action.[] It took some time to take all of the administrative steps necessary to transfer this case from one law firm to another.

_____

[2] Plaintiff's counsel relied on a legal assistant to enter deadlines in her office calendar. The legal assistant entered November 20, *2021* as the deadline for Plaintiff to initiate discovery. "Surely she did not read or analyze the entirety of the document but merely went through, identified the dates, and calendared same as written." (Doc. 21-1 at 1 n.3.)

(Doc. 21-1.) Over the past year, Plaintiff's counsel has "been working on a contractual basis with the firm . . . in challenging COVID-19 restrictions and, specifically, church closures in the State of California. This litigation was all-consuming." (*Id.* at 2 n.3.)  The pandemic appears to not have hindered Plaintiff's counsel's ability to work; instead, Plaintiff's counsel disregarded her obligations to Plaintiff in favor of alternative work. This does not demonstrate diligence. *See Jackson*, 766 F.3d at 198–99.

In addition to her lack of diligence on Plaintiff's behalf during the early discovery period, Plaintiff's counsel failed to act diligently once she became aware of the impending discovery deadline. Plaintiff's counsel claims to have first learned of Defendants' discovery requests on March 8, 2021. (*Id.* ¶ 8.) This was eleven days before the deadline to serve motions to compel discovery, and more than a month before the stipulated conclusion of fact discovery. Although the court warned the parties that it would not grant any extensions to the deadlines imposed in its scheduling order, "except upon written application, filed prior to the cutoff date, showing good cause for the extension" (Doc. 10 at 3), Plaintiff's counsel did not serve Plaintiff's discovery demands until nine days after the conclusion of fact discovery, at which point she also did not seek a court order modifying the discovery schedule. By the time Plaintiff's counsel filed such a motion, on May 26, 2021, six weeks had elapsed since the stipulated conclusion of fact discovery. Had Plaintiff's counsel acted with haste when she became aware of the impending deadline, she could have submitted a timely motion to extend the discovery deadlines. Again, this behavior demonstrates a lack of diligence.

### C.     Prejudice to Defendants

Plaintiff's counsel argues that the eight-day delay between the deadline for the conclusion of fact discovery and the service of Plaintiff's discovery demands is "de minimis." (Doc. 21-1

¶ 13.) Moreover, she contends that the extension of the discovery deadlines "does not prejudice defendants in any way." (Doc. 21-1 ¶ 14.)

In response, Defendants argue that Plaintiff's delay in responding to discovery has already prejudiced them and caused them to incur unnecessary litigation costs and expenses. (Doc. 22 ¶ 31.) Defendants attempted to engage in discovery as early as December 2020, four months in advance of the deadline for fact discovery to conclude. Defendants timely filed a motion to compel Plaintiff to respond to their demands. Defendants have already incurred significant litigation costs and expenses attempting to move discovery in this case along. (*See* Doc. 22 ¶¶ 28–31.) The discovery Plaintiff seeks to compel is not insignificant, consisting of twenty-five interrogatories per Defendant and the production of a significant quantity of documents. (*See* Doc. 21-5.) Requiring Defendants to re-open discovery and respond to discovery requests at this late stage would prejudice them further. This factor counsels against extending the discovery deadline.

### D.   Defendants' Opposition

Defendants oppose Plaintiff's motion to modify the scheduling order and to extend the discovery deadlines. Plaintiff's counsel argues that not compelling Defendants to respond to Plaintiff's discovery demands would "unfairly prejudice plaintiff." (*Id.* ¶ 12.) But Plaintiff initiated this lawsuit in July 2019, nearly two years ago. Throughout the global pandemic, Defendants have endeavored to engage in discovery. It is Plaintiff, rather than Defendants, who has hindered the successful completion of discovery. Defendants' compliance with the discovery schedule and their opposition to modifying the discovery schedule counsels against modifying the stipulated discovery deadlines to allow Plaintiff to engage in belated discovery.

### E.    Likelihood that Discovery Will Lead to Relevant Evidence

Plaintiff has alleged that Defendants violated his constitutional rights when they terminated his employment at BOCES. These are significant claims. Denying Plaintiff's motion to modify the scheduling order would prevent him from engaging in any discovery. Generally, this situation would counsel in favor of extending the discovery deadlines to allow Plaintiff to engage in some discovery.

Here, however, Defendants point out that they and Plaintiff have been engaged in "prior proceedings with respect to the issues presented here" before the New York State Division of Human Rights ("DHR"). (Doc. 22 ¶ 10.) Plaintiff's counsel before the DHR and in the current proceeding is the same attorney, Kristina S. Heuser. (*Id.*) Defendants contend that "Plaintiff's counsel is, or should be, in possession of all of the documents identified in Defendants' Rule 26 Disclosures." (*Id.* ¶ 10.) Plaintiff's counsel did not respond affirmatively or negatively to Defendants' assertion. Moreover, Plaintiff has not identified the extent to which the documents he now seeks to compel Defendants to produce are already in his or his attorney's possession.

It is not clear to the court that the discovery Plaintiff seeks to compel is *new* relevant evidence. If Plaintiff seeks only evidence already in his possession, as Defendants suggest, reopening discovery now would further delay the progress of this case toward trial. In light of the parties' litigious history and the lack of clarity on the expected relevance and necessity of the new evidence that Plaintiff seeks to procure, the court finds that this factor is neutral on the question of whether to modify the discovery schedule.

### F.    Imminence of Trial

Trial has not yet been scheduled in this case. However, the initial discovery schedule provided a deadline of August 9, 2021 for dispositive motions. Extending the deadline for fact

discovery now would require extending the deadline for dispositive motions beyond the August deadline, which is now just two weeks away. This could prejudice Defendants, who have been engaged in this litigation with the expectation of an August 9 motion deadline.

G.      **Summary of Factors**

The cumulative weight of these issues counsels against allowing Plaintiff to amend the court's scheduling order to reopen discovery. As outlined above, the Second Circuit measures Rule 16(b)'s "good cause" requirement against the moving party's diligence. To grant a motion to amend the discovery schedule, courts in this Circuit require the moving party to "show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met." *M.T.S. Logistics*, 335 F.R.D. at 52.

Plaintiff has not demonstrated diligence. Moreover, as discussed above, the other factors that courts in this circuit have considered do not weigh in favor of granting Plaintiff's motion to amend the discovery schedule and to compel Defendants' response. Plaintiff has not identified particular relevant evidence that he lacks and which would be essential to his case, and the parties have already exchanged a good deal of information in the course of the DHR proceeding. For these reasons, the court concludes that Plaintiff has not demonstrated "good cause" as required to amend the discovery schedule.

<u>**Conclusion**</u>

Plaintiff's motion to amend the scheduling order and to compel Defendants to respond to Plaintiff's discovery requests (Doc. 21) is DENIED.

Dated this 23rd day of August, 2021.

Geoffrey W. Crawford, Judge
United States District Court