UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
RAYMOND ZDUNSKI,

                Case No. 19-cv-00940-GWC

          Plaintiff,

- against -            **MEMORANDUM OF LAW
IN OPPOSITION TO
DEFENDANTS' MOTION**
ERIE 2-CHAUTAUQUA-CATTARAUGUS BOCES,  **FOR SUMMARY JUDGMENT**
DAVID O'ROURKE, in his official capacity,
JOHN O'CONNOR, in his official capacity,
BRIAN LIEBENOW, LAURIE BURGER, and
TRACY SMITH-DENGLER,

          Defendants.
-----------------------------------------------------------------X

## I.    INTRODUCTION

In spite of the fact that there has been little to no discovery in this case beyond Plaintiff's initial disclosures, Defendants now move for summary judgment. Although nearly all of the "facts" claimed by Defendants to be undisputed are in fact in dispute (and many claimed by Defendants to be material are extraneous or altogether irrelevant), the agreed upon facts are arguably sufficient for this Court to grant summary judgment to Plaintiff. In the alternative, summary judgment ought to be denied.

## II.    RELEVANT FACTS

The undisputed facts relevant to the central issue in this case are the following: Plaintiff was an employee of Defendants; Defendants mandated that Plaintiff attend a training put on by the local Pride Center on "cultural competency" regarding lesbian, bisexual, gay, and transgender persons; Plaintiff sought a religious accommodation exempting him from attending the training because the training conflicted with his sincerely held religious beliefs; Plaintiff's request was denied by Defendants (without them engaging in the requisite interactive process in an effort to

identify a mutually agreeable accommodation and without providing an explanation for the denial that comports with the law); and Defendants terminated Plaintiff's employment because he did not attend the training.

Plaintiff relies upon and respectfully directs the Court attention to the Complaint for a fuller recitation of the facts pertinent to this action. Plaintiff further relies upon his Counterstatement of Facts to rebut Defendants' misstatement of facts and clarify those factual issues that remain in dispute.

### III. ARGUMENT

A. <u>The Court Should Search the Record and Award Partial Summary Judgment to Plaintiff</u>

The undisputed material facts clearly support a finding of summary judgment in Plaintiff's favor for violation of Title VII and New York State Human Rights Law. Defendants' termination of Plaintiff amounts to unlawful religious discrimination. The disputed issue of fact regarding whether Plaintiff was a probationary employee and what protections he was or was not entitled to based upon that status are an impediment to an award of summary judgment on Plaintiff's constitutional claims.[1]

It is well-settled that all employees have a right to religious accommodation in the workplace. *See, e.g., We the Patriots USA, Inc. v Hochul*, 2021 U.S. App. LEXIS 32880 (2d Cir Nov. 4, 2021, Nos. 21-2179, 21-2566). Employers cannot force their employees to choose between adhering to the dictates of their faith and continued employment. *Id.* Specifically, "Title VII makes it unlawful for employers 'to discharge . . . or otherwise to discriminate against any individual' in his or her employment 'because of such individual's . . . religion.' 42 U.S.C. §

---

[1] Defense counsel mischaracterizes Plaintiff's constitutional claims asserted in the Complaint, which makes it difficult (and unproductive, to a great extent) to respond to the points raised in his Memorandum of Law in a correspondingly sequential manner.

2000e-2(a)(1). The statute defines "religion" to include 'all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on…the employer's business.' *Id.* § 2000e(j); *see Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 66, 97 S. Ct. 2264, 53 L. Ed. 2d 113 (1977); *cf. EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 770, 135 S. Ct. 2028, 192 L. Ed. 2d 35 (2015)." *Id.* at *47.

In spite of this being well-established law for decades, Defendants refused to provide Plaintiff with his requested accommodation and instead terminated him because he did not want to submit to Defendants' re-education requirement that intentionally subverted and contradicted fundamental tenets of Plaintiff's faith. Plaintiff clearly communicated his request for accommodation and his basis therefor. Defendants do not dispute that they terminated Plaintiff for his refusal to attend the class put on by the Pride Center. Defendants do not dispute that Plaintiff sought an accommodation exempting him from the attendance requirement, nor do they dispute the sincerity of the religious beliefs upon which Plaintiff's request was based. Rather, Defendants put forth a semantic argument calling Plaintiff's non-attendance "insubordination", without addressing the substance of Plaintiff's claims at all.

Defendants now claim through self-serving affidavits only that it considered Plaintiff's exemption request but determined that it could not afford any exemption to any person because doing so would undermine the objective of the program, to wit: the elimination of bias in the school district (*see* Paragraph 32 of Defendants' Statement of Undisputed Facts). This claim is problematic for several reasons. The most glaring reason is that Defendants' untenable position negates the provisions and purpose of Title VII altogether. What Defendants are effectively arguing is that Plaintiff's sincerely held religious convictions equate to bias or animus towards

persons of contrary beliefs or lifestyles. Plaintiff should not be deemed bigoted simply because he holds or expresses beliefs contrary to those sought to be advanced by Plaintiff's employer or the prevailing culture. Defendants have slandered Plaintiff in their self-serving affidavits and other documents submitted in support of their motion. The Court should not overlook that their slanderous statements are unsupported by any more credible evidence such as an affidavit by a disinterested witness or any prior complaint or discipline against Plaintiff during his lengthy tenure with the school district. Plaintiff has an unblemished record of employment marked only by promotion and praise. If Defendants understood anything about the Christian faith, they would understand that the central tenet of that faith is to love all people. Jesus' primary message and teaching was that he came to save sinners and turn them to repentance. He did this through love, not judgment. He drew an important distinction between the person – whom he loved unconditionally – and the sinful behavior the person engages in, which he called them to repent from. Likewise, Plaintiff in appropriate contexts or when asked may have expressed his disagreement with certain behaviors, but never expressed anything but love for all people, which he is called to do by his faith. In other words, accommodating Plaintiff's objection to the training does not equate to an inability to eliminate bias in the workplace. That assertion by Defendants demonstrates their inherent bias and animus towards persons that subscribe to the Christian religion.

      In reality, Defendantw never meaningfully explored the possibility of accommodating Plaintiff and therefore cannot establish that exempting Plaintiff from the objected-to training would have caused undue hardship. For these reasons, an award of summary judgment to Plaintiff on his state and federal religious discrimination claims is unavoidable. *See, e.g., Baker v Home Depot*, 445 F3d 541, 546 (2d Cir 2006) ("Once a prima facie case is established by the

employee, the employer 'must offer [him or her] a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship.' *Cosme v. Henderson*, 287 F.3d 152, 158 [2d Cir. 2002]" and "[A]ll plaintiffs who seek to make out a prima facie case of religious discrimination must show that '(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement." Knight v. Conn. Dep't of Pub. Health, 275 F.3d 156, 167 [2d Cir. 2001])."

    B. <u>Alternatively, the Court Should Deny Summary Judgment as the Material Facts are in Dispute and will Never Be Resolved Without a Trial Insofar as Discovery is and will Remain Incomplete</u>

It is well-settled that, "[t]he court may enter summary judgment only if it concludes that there is no genuine dispute as to the material facts and that, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see, e.g., Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004)." *Bey v I.B.E.W. Local Union # 3*, 2008 U.S. Dist. LEXIS 130768 at 19-21 (SDNY Jan. 30, 2008). "It is axiomatic that the responsibility of the court in deciding a summary-judgment motion 'is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.' *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir. 1986); *see, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Howley v. Town of Stratford*, 217 F.3d 141, 150-51 (2d Cir. 2000)." *Id.*

"The party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' that demonstrate

the absence of a genuine issue of material fact…If the movant fails to meet its initial burden, however, the motion will fail even if the opponent does not submit any evidentiary materials to establish a genuine factual issue for trial. (*internal citations omitted*)" *Bey v. I.B.E.W. Local Union # 3*, 2008 U.S. Dist. LEXIS 130768, at 19-21 (SDNY Jan. 30, 2008). "In considering a summary judgment motion, the court must 'view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in its favor…'" *Mercedes v Dept. of Educ.*, 2018 U.S. Dist. LEXIS 168181 at 18-19 [S.D.N.Y. Mar. 31, 2018).

Defendants' motion is woefully inadequate on every front. Defendants and the Court have precluded meaningful discovery in this case, and thus nothing more exists in the record than did at the outset of this case that should cause this Court to decide the matter in advance of trial. Indeed, nearly the entirety of the "evidence" presented in support of Defendants' motion for summary judgment are self-serving affidavits presented by the parties without more. "[T]he court considering a summary judgment motion 'must disregard all evidence favorable to the moving party that the jury is not required to believe.'" *Jasco Tools, Inc. v Dana Corp. (In re Dana Corp.)*, 574 F3d 129, 151-152 (2d Cir 2009) *(internal citation omitted)*. It would be improper for the Court to award summary judgment to Defendants without more, without subjecting Defendants (who have not even been deposed) to cross-examination, and without the Court or the jury having had occasion to observe the witnesses and assess their demeanor and other indicia of credibility, or lack thereof. *See, e.g., Agosto v. INS*, 436 U.S. 748, 756, (1978). Worse yet is defense counsel's submission of an Attorney Affidavit as a factual statement, and putting forth facts therein for the Court's consideration of which he has no first-hand knowledge. This must be entirely disregarded by the Court.

The arguments advanced by defense counsel that Plaintiffs' remaining causes of action fail as a matter of law are misplaced and, in any event, unavailing. Defendants failed to move to dismiss. Plaintiff alleged prima facie violations of the Fourteenth Amendment and 42 U.S.C. §§1986 in the Complaint, and Defendants have not provided evidence in admissibly form in support of their motion that conclusively demonstrates that Plaintiff cannot prevail on these causes of action at trial. In fact, all assertions made by Defendants in the context of their motion support that they worked together to deny Plaintiff's request for accommodation and terminate his employment, and that he was not afforded any due process in that adverse employment action. No evidence in admissible form was produced that relates to Plaintiff's Equal Protection claim, but Defendants' admit that they took no action on his complaints regarding hostility towards religion in the workplace. These claims must be addressed at an eventual trial of this action.

## IV.     CONCLUSION

Plaintiff respectfully requests that the Court search the (sparse) record and award summary judgment to Plaintiff on his Title VII and New York State Human Rights Law claims, and deny summary judgment on the balance of the claims based upon the existence of disputed issued of material fact and lack of evidentiary support, and award Plaintiff all of the relief sought in the Complaint together with such other and further relief as this Court may deem just and proper.

Dated: November 15, 2021

/S/
KRISTINA S. HEUSER, ESQ. (KH3612)